** PART I **
ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION REGARDING THREE QUESTIONS: (1) DOES 19 O.S. 452 (1991), WHICH AUTHORIZES THE BOARD OF COUNTY COMMISSIONERS OF COUNTIES HAVING MORE THAN 200,000 RESIDENTS TO SET THE SALARY RATES OF NECESSARY EMPLOYEES OF THE BOARD, EXEMPT EMPLOYEES OF THOSE COUNTIES FROM THE COMPREHENSIVE SALARY CODE, 19 O.S. 180.58 — 19 O.S. 180.68; (2) DOES 69 O.S. 624 (1991), WHICH AUTHORIZES THE BOARD OF COUNTY COMMISSIONERS TO FIX THE SALARY OF THE COUNTY ENGINEER, EXEMPT THE COUNTY ENGINEER FROM THE OPERATION OF THE COMPREHENSIVE SALARY CODE; AND (3) IS AN EMPLOYEE OF THE BOARD OF COUNTY COMMISSIONERS, AS OPPOSED TO AN EMPLOYEE OF AN INDIVIDUAL COUNTY COMMISSIONER, WITHIN THE CONFINES OF THE COMPREHENSIVE SALARY CODE?
BECAUSE A PORTION OF YOUR REQUEST HAS PREVIOUSLY BEEN ADDRESSED BY ATTORNEY GENERAL OPINIONS AND OKLAHOMA SUPREME COURT DECISIONS, AND OTHER PORTIONS ARE DIRECTLY ADDRESSED BY CLEARLY APPLICABLE STATUTORY LAW, THIS OFFICE HAS DETERMINED YOUR REQUEST SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTIONS YOU HAVE RAISED.
I.
THE COMPREHENSIVE SALARY CODE'S COVERAGE OF EMPLOYEES OF BOARDS OF COUNTY COMMISSIONERS AND EMPLOYEES OF INDIVIDUAL COUNTY COMMISSIONERS
WHERE ARE A NUMBER OF STATUTES, PASSED INTO LAW AT DIFFERENT TIMES, WHICH GENERALLY AUTHORIZE COUNTY OFFICERS, INCLUDING INDIVIDUAL COUNTY COMMISSIONERS AND BOARDS OF COUNTY COMMISSIONERS, TO APPOINT AND FIX THE DUTIES AND COMPENSATION OF THOSE DEPUTIES, ASSISTANTS AND OTHER EMPLOYEES WHICH ARE NECESSARY IN CARRYING OUT THE DUTIES OF THEIR OFFICE FOR EXAMPLE, 19 O.S. 452, OF WHICH YOU SPECIFICALLY INQUIRE, WAS ENACTED IN 1957 AND PROVIDES, IN PERTINENT PART: (TEXT OF STATUTE)
A SIMILAR, BUT MORE GENERALLY APPLICABLE, STATUTE IS 19 O.S. 162 (1991) WHICH WAS ENACTED IN 1979 AND PROVIDES, IN PERTINENT PART:
 "SUBJECT TO THE APPROVAL OF THE COUNTY EXCISE BOARD, EVERY COUNTY OFFICER SHALL APPOINT SUCH REGULAR AND SPECIAL DEPUTIES AS ARE ESSENTIAL TO THE PERFORMANCE OF THE DUTIES OF HIS OFFICE IN AN EFFICIENT MANNER AND SHALL FIX THEIR SALARIES AND COMPENSATION."
NOTWITHSTANDING THE EXISTENCE OF THE FOREGOING STATUTES, YOUR QUESTIONS REVOLVE PRIMARILY AROUND SIMILAR STATUTES, FOUND AT 19 O.S. 180.58 — 19 O.S. 180.68 AND COMMONLY REFERRED TO AS THE "COMPREHENSIVE COUNTY OFFICERS SALARY ACT" OR THE "COMPREHENSIVE SALARY CODE" FOR COUNTY OFFICERS AND EMPLOYEES. QUITE SIMPLY PUT, THE COMPREHENSIVE SALARY CODE ("CODE"), ORIGINALLY ENACTED IN 1959, PROVIDES THE STATUTES WHICH REGULATE COUNTY OFFICERS' AND EMPLOYEES' SALARIES. A.G. OPIN. NO. 87-117. IT PROVIDES FOR, AMONG OTHER THINGS, "A STATUTORY SCHEME FOR DETERMINING COMPENSATION OF FIRST AND SECOND DEPUTIES OR ASSISTANTS AND THE NUMBER OF DEPUTIES FOR EACH OFFICE" AS WELL AS "SALARY LIMITS COMPUTED ON A PERCENTAGE OF THE PRINCIPAL OFFICER'S SALARY." SUMMEY V. TISDALE, 658 P.2D 464, 468 (OKLA.1982). SEE ALSO 19 O.S. 180.65. LIKE SECTIONS 452 AND 162, SUPRA, THE CODE ALSO PROVIDES AN INDEPENDENT APPOINTING AUTHORITY FOR EACH COUNTY OFFICER BY EMPOWERING SUCH OFFICERS TO DESIGNATE THE NUMBER OF DEPUTIES UNDER HIS SUPERVISION AND TO CONTROL AND FIX THEIR RATES OF COMPENSATION, WITHIN THE APPROPRIATE SALARY LIMITATIONS SET BY THE CODE. A.G. OPIN. NO. 76-338.
WHEN CONSTRUING PROVISIONS OF THE CODE, AS YOUR QUESTIONS NECESSARILY REQUIRE, IT IS HELPFUL TO BEGIN WITH THE EXPRESS PURPOSE BEHIND ITS PASSAGE, AS FOUND IN 19 O.S. 180.58, WHICH PROVIDES, IN PERTINENT PART:
 (TEXT OF STATUTE) 19 O.S. 180.61 OF THE CODE CLASSIFIES MEMBERS OF THE BOARD OF COUNTY COMMISSIONERS AS GROUP "A" OFFICERS. 19 O.S. 180.62 ESTABLISHES THE BASIC SALARY FOR COUNTY OFFICERS, INCLUDING THOSE IN GROUP "A". 19 O.S. 180.64(A) ESTABLISHES THE MINIMUM SALARY LEVELS FOR SUCH OFFICERS. AND, AS STATED ABOVE, 19 O.S. 180.65, THE STATUTE TO WHICH YOUR QUESTIONS MOST DIRECTLY RELATE, PROVIDES COUNTY OFFICERS WITH APPOINTING AUTHORITY AND IMPOSES CERTAIN RESTRICTIONS ON COUNTY EMPLOYEES' SALARIES. IT PROVIDES, IN PERTINENT PART, AS FOLLOWS:
(TEXT OF STATUTE)
 WHEN CONSTRUING THE MEANING OF THE LANGUAGE FOUND IN 19 O.S. 180.65, IT MUST BE REMEMBERED THAT THE CARDINAL RULE OF STATUTORY CONSTRUCTION IS TO ASCERTAIN THE INTENT OF THE LEGISLATURE AND, IF POSSIBLE, EFFECTUATE THAT INTENT. HESS V. EXCISE BD. OF MCCURTAIN COUNTY, 698 P.2D 930 (OKLA.1985). THIS IS OFTEN A MOST DIFFICULT TASK.
 HOWEVER, IN REFERENCE TO 19 O.S. 180.65, THE LEGISLATURE HAS OBLIGED BY EXPRESSLY STATING ITS INTENT IN 19 O.S. 180.67, WHICH PROVIDES, IN PERTINENT PART:
(TEXT OF STATUTE)
 AS UNAMBIGUOUSLY EXPRESSED IN 19 O.S. 180.67, THE LEGISLATIVE INTENTION IN THE PASSAGE OF THE CODE WAS TO MANDATE THAT THE SALARY LEVEL RESTRICTIONS CONTAINED THEREIN, INCLUDING 19 O.S. 180.65, BE CONTROLLING AS TO COUNTY COMMISSIONERS AND THEIR EMPLOYEES. IN A.G. OPIN. NO. 84-021, THE ATTORNEY GENERAL HAD THE OPPORTUNITY TO CONSTRUE 19 O.S. 180.65 IN LIGHT OF ITS CLEAR LEGISLATIVE INTENT. HE WAS ASKED TO DETERMINED IF, UNDER 180.65, A COUNTY COMMISSIONER COULD ALLOW TWO EMPLOYEES, ONE ADMINISTRATIVE AND ONE A ROADCREW FOREMAN, TO BE SALARIED AT 90% OF THE COMMISSIONER'S SALARY. HE WAS ALSO ASKED WHETHER THE COUNTY COMMISSIONERS' ROADWORKERS WERE COVERED BY THE SALARY LEVEL RESTRICTIONS OF 19 O.S. 180.65. THE ATTORNEY GENERAL STRONGLY STATED THAT:
 "IN LIGHT OF THE CLEAR LEGISLATIVE INTENT EXPRESSED IN 180.67 ABOVE THAT `NO COUNTY OFFICER IN GROUPS `A' OR `B', OR THEIR ASSISTANTS, DEPUTIES, OR OTHER EMPLOYEES BY WHATEVER TITLE DESIGNATED, SHALL RECEIVE ANY SALARY OR WAGES EXCEPT AS PROVIDED IN THIS ACT,' THE LANGUAGE IN 180.65(C) WHICH PROVIDES FOR ONLY ONE FIRST OR CHIEF DEPUTY OR ASSISTANT SHOWS LEGISLATIVE INTENT THAT ONLY ONE EMPLOYEE OF THE COUNTY COMMISSIONER, WHETHER DESIGNATED AS ADMINISTRATIVE AIDE OR ROADCREW FOREMAN OR BY ANY OTHER TITLE, MAY BE SALARIED AT 90% OF THE COMMISSIONER'S SALARY.
 FINALLY, THE LANGUAGE OF 19 O.S. 180.65(A), WHEN READ IN CONJUNCTION WITH THAT OF 19 O.S. 180.67, INDICATES THAT THE SALARY LIMITATIONS IMPOSED BY THIS ACT ARE APPLICABLE TO ALL EMPLOYEES OF THE COUNTY COMMISSIONER "BY WHATEVER TITLE DESIGNATED" AND THEREFORE THE RESTRICTIONS OF THIS ACT ARE APPLICABLE TO THE COUNTY COMMISSIONERS' ROADWORKERS."
(SECOND EMPHASIS ADDED.)
 SIMPLY PUT, THE ATTORNEY GENERAL FOUND, IN NO UNCERTAIN TERMS, THAT UNDER THE PROVISIONS OF 180.65, ONLY ONE EMPLOYEE OF THE COUNTY COMMISSIONER, BY WHATEVER TITLE DESIGNATED, CAN BE SALARIED AT 90% OF THE COMMISSIONER'S SALARY AND THAT THE OTHER SALARY LIMITATIONS CONTAINED IN THE ACT ARE APPLICABLE TO ALL EMPLOYEES OF THE COUNTY COMMISSIONER.
THE SAME CONCLUSION WOULD BE REACHED WHEN CONSIDERING THE APPLICATION OF 19 O.S. 180.65 TO EMPLOYEES OF THE BOARD OF COUNTY COMMISSIONERS, SUCH AS THOSE APPOINTED PURSUANT TO 19 O.S. 452 (1991). IN FACT, THE OKLAHOMA SUPREME COURT HAS SPECIFICALLY FOUND THAT THE "PRINCIPAL OFFICER" REFERRED TO IN 180.65 OF THE CODE CONSISTS NOT ONLY OF INDIVIDUAL MEMBERS OF A BOARD OF COUNTY COMMISSIONERS, BUT ALSO INCLUDES THE BOARD OF COUNTY COMMISSIONERS, SEE, ADAIR COUNTY EXCISE BD. V. BOARD OF COUNTY COMMISSIONERS, 438 P.2D 484 (OKLA.1968). IN ADAIR COUNTY, THE COURT WAS ASKED TO RESOLVE A BUDGET DISPUTE BETWEEN THE BOARD OF COUNTY COMMISSIONERS AND THE COUNTY EXCISE BOARD. THE DISPUTE CENTERED ON THE SALARY OF A CLERICAL ASSISTANT EMPLOYED BY THE BOARD OF COUNTY COMMISSIONERS. THE COURT POINTED OUT THAT "IN THE ABOVE 19 O.S. 180.65 THE PRESENT COUNTY COMMISSIONERS OCCUPY THE POSITION OF THE `PRINCIPAL OFFICER'." ID. AT 488.
BASED ON THE FOREGOING AUTHORITIES, IT WOULD BE APPROPRIATE TO CONCLUDE THAT BOTH EMPLOYEES OF INDIVIDUAL COUNTY COMMISSIONERS AND EMPLOYEES OF THE BOARD OF COUNTY COMMISSIONERS ARE SUBJECT TO THE SALARY RESTRICTIONS OF THE CODE. THEREFORE, THE CODE WOULD ENCOMPASS COUNTY EMPLOYEES APPOINTED PURSUANT TO ITS OWN PROVISIONS AS WELL AS THOSE APPOINTED PURSUANT TO AUTHORITY FOUND IN OTHER STATUTES SUCH AS 19 O.S. 452 AND 19 O.S. 162, SUPRA.
THIS CONCLUSION IS FURTHER SUPPORTED BY OTHER RULES OF STATUTORY CONSTRUCTION. FOR EXAMPLE, IT HAS BEEN HELD THAT, WHERE POSSIBLE, RELEVANT PORTIONS OF A STATUTE AND RELATED ENACTMENTS SHALL BE CONSTRUED TOGETHER TO GIVE FORCE AND EFFECT TO ALL OF THEM. CLIFTON V. CLIFTON, 801 P.2D 693 (OKLA.1990). THIS IS AN EASY TASK WHEN CONSTRUING 452 AND 162 TOGETHER WITH 180.65 OF THE CODE. ALL OF THE STATUTES CLEARLY PROVIDE INDEPENDENT APPOINTING AUTHORITY TO COUNTY OFFICERS, INCLUDING INDIVIDUAL COUNTY COMMISSIONERS AND BOARDS OF COUNTY COMMISSIONERS. ADDITIONALLY, ALL THREE SECTIONS AUTHORIZE SUCH COUNTY OFFICERS TO "PROPOSE," "FIX" OR "AGREE UPON" THE SALARY RATES FOR DEPUTIES, ASSISTANTS AND OTHER EMPLOYEES, WITHIN CERTAIN LIMITATIONS. HOWEVER, ONLY 180.65 SETS SPECIFIC SALARY LIMITATIONS. THE CODE ALSO EXPRESSLY STATES THAT IT IS TO APPLY TO ALL COUNTY OFFICERS AND EMPLOYEES, REGARDLESS OF THEIR TITLES. 180.67, SUPRA. WHEN ALL OF THESE SECTIONS ARE READ TOGETHER, WITH THE PURPOSE OF GIVING EFFECT TO EACH, THE INESCAPABLE CONCLUSION IS THAT ALL OF THE SECTIONS MAY INDEPENDENTLY AUTHORIZE THE APPOINTMENT OF DEPUTIES, ASSISTANTS AND OTHER EMPLOYEES AND ALLOW THE SALARY LEVEL TO BE SET BY THE PERTINENT OFFICER; HOWEVER, ALL SUCH PERSONNEL, REGARDLESS OF UNDER WHICH STATUTE THEY ARE APPOINTED OR WHAT THEIR TITLES MAY BE, ARE SUBJECT TO THE CODE'S SALARY RESTRICTIONS.